Keith McWILLIAMS, Appellant
(Plaintiff),

v.

Mandy WILHELM By and Through her
next of friend Phyllis WILHELM; Phyl-
lis Wilhelm; and Wyoming Council of
Girl Scouts, Appellees (Defendants).

No. 94–131.

Supreme Court of Wyoming.

April 18, 1995.

H.W. Rasmussen of Badley & Rasmussen,
Sheridan, for appellant.

John G. Fenn of Yonkee & Toner, Sheri-
dan, for appellees.

Before GOLDEN, C.J., and THOMAS,
MACY, TAYLOR and LEHMAN, JJ.

LEHMAN, Justice.

The issue before us in this case concerns
the propriety of a jury instruction on the
mitigation of damages in a tort action. We
conclude there was sufficient evidence in the
record to support giving the instruction and
affirm.

Appellant Keith McWilliams presents one
issue, phrased as a statement, for our review:

The trial court erred in presenting Jury
Instruction No. 13 "Mitigation of Dam-
ages" because there was no evidence of
how or the amount Plaintiff–Appellant
should have mitigated his damages.

Mandy Wilhelm, Phyllis Wilhelm and the Wyoming Council of Girl Scouts (hereinafter collectively appellees) offer three issues:

1. Does this court have jurisdiction to review a jury verdict without a judgment?

2. Did the trial court correctly instruct the jury with Jury Instruction No. 13 "Mitigation of Damages?"

3. Was there sufficient evidence to support the jury's award of $1,000.00 to Appellant for pain and suffering and lost earnings?

Appellant was injured when a truck he was loading backed up, pinning him against a loading dock. At trial, appellees admitted responsibility for the accident and liability for medical expenses. However, appellees contested the amount of damages appellant sought for lost income and pain and suffering. The trial court gave the jury an instruction on mitigation of damages, to which appellant timely objected. The jury returned a verdict awarding $1,000.00. Appellant now appeals, challenging the adequacy of that award.

### DISCUSSION

 Before we advance to the merits of this appeal, we must address a Motion to Dismiss filed by appellees. Appellees contend this court lacks jurisdiction over the appeal because appellant did not appeal from a final order. The jury verdict was rendered April 8, 1994. Appellant filed his Notice of Appeal April 27, 1994, appealing the verdict. Judgment was entered August 24, 1994, and was made a part of the record on appeal by stipulation of the parties.

Appellees correctly point out that a jury verdict is not an appealable order. W.R.A.P. 1.05. However, W.R.A.P. 2.04 provides that "[a] notice of appeal filed prematurely shall be treated as though filed on the same day as entry of the appealable order, provided it complies with Rule 2.07(a)." W.R.A.P. 2.07(a), in turn, provides:

(a) The notice of appeal shall:

(1) Specify the party or parties taking the appeal;

(2) Identify the judgment or appealable order, *or designated portion appealed;* and

(3) Name the court to which the appeal is taken.

(Emphasis added.) We conclude that the notice of appeal was premature but that, in accordance with W.R.A.P. 2.04, we will treat it as if it had been timely made. Appellant's notice of appeal designated the jury's verdict as the basis of the appeal, which verdict was incorporated into the judgment. The notice of appeal, therefore, complies with W.R.A.P. 2.07(a) since it designated the portion of the judgment appealed. Accordingly, we have jurisdiction over this matter and proceed to the merits of appellant's appeal.

 When a party alleges error in a jury instruction, our review is confined to a search for prejudicial error. *Bigley v. Craven,* 769 P.2d 892, 895 (Wyo.1989). Prejudicial error is never presumed. *Id.* The trial court gave the following instruction to the jury:

A person has the duty to take reasonable steps under the circumstances to reduce his or her injuries and damages. Any damages resulting from a failure to take such reasonable steps cannot be recovered.

Appellant claims the trial court erred in giving the instruction because there was no evidence to support it. Specifically, appellant alleges that appellees "failed to present any evidence to support their claim that the damages would have been diminished had the appellant exercised reasonable diligence and ordinary care." The crux of appellant's complaint is his claim that appellees had to introduce evidence of the extent to which appellant failed to mitigate his damages, not just a broad claim of a failure to mitigate. The result, in the absence of any evidence, is that the jury was misled and confused by the instruction and consequently the jury returned an award that was insufficient and inconsistent with the evidence of his injuries.

 One who is injured by the wrongful act of another must exercise reasonable care and diligence to avoid loss or to minimize the resulting damages. *Wyoming Bancorporation v. Bonham,* 563 P.2d 1382, 1386 (Wyo. 1977), *reh'g denied* 566 P.2d 219; *Shidler v.*

*Clayton Oil Co.,* 502 P.2d 987, 989 (Wyo. 1972); *Asbell Bros., Inc. v. Nash–Davis Machinery Co.,* 382 P.2d 57, 59 (Wyo.1963). The failure to take reasonable action to prevent an increase or extension of damages prevents any recovery for damages resulting from that failure. *Thayer v. Smith,* 380 P.2d 852, 854 (Wyo.1963). We find that the instruction given is a correct statement of the law and turn to the question of whether there is sufficient evidence in the record to support the trial court's decision to give the instruction.

There was testimony that appellant did not follow his doctor's orders. Appellant's doctor testified that appellant's actions could have aggravated his injuries. There was also testimony that appellant did not mitigate his economic damages by hiring extra help for his business. In addition, there was evidence that appellant's economic loss could have been attributable to problems with a supplier. Further, there was some testimony that appellant, in fact, attempted to enhance his injuries in an apparent attempt to increase any potential damage award.

We conclude that there was sufficient evidence to support the trial court's decision to give the instruction to the jury. Appellees were not required to offer evidence detailing the exact extent to which appellant failed to mitigate his damages. *Douglass Reservoirs Water Users Ass'n v. Cross,* 569 P.2d 1280, 1284 (Wyo.1977) ("if there is evidence from which a reasonable estimate of money damages may be made[,] that is sufficient[.]"). They need only introduce enough evidence from which a jury could reasonably conclude that appellant failed to mitigate to enable them to arrive at a damage award. *Wyoming Wool Marketing Ass'n v. Woodruff,* 372 P.2d 174, 181 (Wyo.1962) ("It is sufficient if there is evidence which furnishes a basis from which a reasonable estimate of the money damage may be made."). The jury was able to conclude that appellant was entitled to an award of $1,000.00, and there is no basis for disturbing it.

## CONCLUSION

The evidence was sufficient to justify the given instruction. Disappointment over the adequacy of a jury's damage award is not reason enough for a new trial. The judgment is affirmed in all respects.