Lori VASQUEZ; and minor children Julie Vasquez, Valerie Vasquez, and Nathanael Vasquez, BY AND THROUGH their next friend and mother, Lori VASQUEZ, Appellants,

v.

WAL–MART STORES, INC., Appellee.

No. 95–156.

Supreme Court of Wyoming.

March 19, 1996.

Steven R. Helling, Casper, for Appellants.

Kay Lynn Bestol and Paul Kapp of Sundahl, Powers, Kapp & Martin, Cheyenne, for Appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

LEHMAN, Justice.

Appellants Lori Maerz [1] (Maerz) and her two minor children brought a negligence action against appellee Wal–Mart Stores, Inc. (Wal–Mart) for personal injury damages after folding chairs fell from a display and struck Maerz. After a trial on the merits, a jury returned a verdict finding no negligence on the parts of either Wal–Mart or Maerz. Appellants contend that the district court erred in instructing the jury that damage or injury is not in itself sufficient to show negligence.

Because we affirm the district court, we need only address the issue:

> Did the district court commit reversible error by instructing the jury that "the fact that damages or injury occurred is not, in itself, sufficient to show that either party was negligent?"

### DISCUSSION

While shopping in a Casper Wal–Mart store, Maerz was struck by falling aluminum and nylon lawn chairs toppling from the shelves of a display. Appellants filed a negligence action against Wal–Mart for personal injury, alleging, among other things, that the injury required Maerz to undergo neck fusion surgery.

Testimony at trial established that the lawn chairs fell, striking Maerz and that injuries resulted. Over appellants' objection, the jury was given instruction no. 8, the subject of this appeal. The jury returned a verdict finding that neither Wal–Mart nor Maerz was negligent, and that Maerz had sustained injuries in the amount of $750.00.

Appellants urge that the giving of instruction no. 8 amounted to prejudicial error, arguing that the instruction is an "unavoidable accident" instruction, and that such instructions have been abolished in many jurisdictions. Appellants contend that the instruction over-emphasized Wal–Mart's position that no one was at fault; that it was inappropriate to give the instruction to the jury because the principles contained within the instruction were already covered by other instructions regarding elements of negligence; and that it was inappropriate to give such an instruction because there was evidence that Wal–Mart may have been negligent.

1. After appellants filed suit, Ms. Vasquez changed her last name to Maerz.

When a party alleges error in the giving of a jury instruction, our review is confined to a search for prejudicial error. *McWilliams v. Wilhelm by and through Wilhelm*, 893 P.2d 1147, 1148 (Wyo.1995); *Bigley v. Craven*, 769 P.2d 892, 895 (Wyo.1989). Prejudicial error is never presumed, *McWilliams*, 893 P.2d at 1148; *Bigley*, 769 P.2d at 895, but must be established by the party alleging error. *Bigley*, at 895. If it is established that the instruction had a tendency to confuse or mislead the jury with respect to the applicable principles of law, reversal is proper. *Id.; see also Thunder Hawk by and through Jensen v. Union Pacific Railroad Company*, 891 P.2d 773, 782 (Wyo.1995) and *Parker v. Artery*, 889 P.2d 520, 525 (Wyo. 1995).

### A. *"Unavoidable Accident" Instruction*

Preliminarily, we conclude that jury instruction no. 8 is not an "unavoidable accident" instruction. The instruction, taken verbatim from W.C.P.J.I. 2.11 (1994), states:

> The fact that damages or injury occurred is not, in itself, sufficient to show that either party was negligent.

The instruction is straightforward and clear. "Unavoidable accident" instructions, by contrast, define and explain concepts of accident, unforeseeability, unavoidable events, and faultlessness of parties. Instruction no. 8 contains none of these concepts.

Appellants cite *George v. Guerette*, 306 A.2d 138 (Me.1973) for the proposition that "unavoidable accident" instructions are disfavored and should be avoided in all cases. Albeit disapproving of "unavoidable accident" instructions, the *Guerette* court also stated:

> The precise issue has not heretofore been raised in this jurisdiction although we have found—and still find—no error in instructions to the effect that the mere happening of an accident is not in and of itself evidence of negligence.

*Id.* at 143 (footnotes omitted). Thus, the *Guerette* court made a distinction between instructions that embody unavoidable accident language and principles and those instructions that state that the mere happening of an accident is not in and of itself evidence of negligence. This is the same distinction that we make. And, therefore, having concluded that instruction no. 8 is not an "unavoidable accident" instruction, we will decline addressing the issue of whether "unavoidable accident" instructions in Wyoming should be abolished until the issue is directly before us.

### B. *Prejudicial Error Analysis*

We next examine the instruction to determine if it is a correct statement of the law and whether giving the instruction was prejudicial to Maerz in light of the evidence. In order for a plaintiff to prove that a defendant was negligent, she must first prove four elements: (1) a duty, (2) a violation thereof, (3) which violation is the proximate cause of, (4) injury to the plaintiff. *Daily v. Bone*, 906 P.2d 1039, 1043 (Wyo.1995). A plaintiff has the burden of proving *all* four of these elements before negligence can be found; thus, element number 4, injury to the plaintiff, is not sufficient by itself to establish negligence. Negligence and proximate cause are never presumed from the happening of an accident, and mere conjecture cannot form the basis of liability. *Downen v. Sinclair Oil Corp.*, 887 P.2d 515, 520 (Wyo.1994); *DeWald v. State*, 719 P.2d 643, 652 (Wyo.1986); *Mellor v. Ten Sleep Cattle Company*, 550 P.2d 500, 504 (Wyo.1976). Analyzing instruction no. 8, we find that it embodies the principle that damages or injuries to Maerz standing alone is insufficient to establish negligence on the part of Wal–Mart. Therefore, we conclude that the instruction given is a correct statement of the law.

Examining whether the instruction was unfairly prejudicial, we review the record to determine whether the instruction had a tendency to mislead or confuse the jury. Requisite in such review, we accept the evidence of the prevailing party as true, leaving out entirely the evidence presented in conflict therewith, giving every favorable inference which may fairly and reasonably be drawn from the prevailing party's evidence. *Pancratz Co., Inc. v. Kloefkorn–Ballard Construction/Development, Inc.*, 720 P.2d 906, 908–909 (Wyo.1986). The district court's findings are presumed correct, and such findings will not be disturbed on appeal unless

inconsistent with the evidence, clearly erroneous or contrary to the great weight of the evidence. *Id.* at 909.

■ The record discloses evidence that no one was at fault for the lawn chairs falling and striking Maerz. The verdict form requested that the jury find the amount of damages suffered by each appellant, even if no party was found to be at fault. Thus, the evidence in this case is such that it was necessary that the jury be fully informed regarding the law of negligence in order to reach an informed decision. It was appropriate for the jury to be advised that even if damages or injuries were found to have resulted, that is not sufficient in itself to find that negligence occurred.

We find that appellants have failed to fulfill their burden of establishing that instruction no. 8 had a tendency to confuse or mislead the jury or that the instruction unduly emphasized Wal–Mart's theory of defense. Instruction no. 8 embodies negligence law and, when read together with the other negligence instructions, adequately and appropriately informed the jury of the prerequisites necessary to a finding of negligence. There is sufficient evidence in the record to support the district court's decision to give the instruction to the jury.

## CONCLUSION

We conclude that jury instruction no. 8 is not an "unavoidable accident" instruction; rather it is an instruction that correctly embodies negligence principles. Sufficient evidence exists in the record to support the district court's decision to give the instruction to the jury. Appellants have failed to establish that the instruction had a tendency to confuse or mislead the jury; and, accordingly, appellants have failed to established prejudicial and reversible error. The judgment is affirmed in all respects.