CUNDY ASPHALT PAVING CONSTRUC-
TION, INC., a Wyoming corporation;
and United Fire & Casualty Company,
an insurance company authorized to do
business in the State of Wyoming, Ap-
pellants (Defendants),

v.

ANGELO MATERIALS COMPANY,
a Wyoming corporation,
Appellee (Plaintiff).

No. 95–225.

Supreme Court of Wyoming.

April 30, 1996.

James L. Edwards of Stevens, Edwards &
Hallock, P.C., Gillette, for Appellants.

John B. Patrick of Patrick & Korell, Tor-
rington, for Appellee.

Before GOLDEN, C.J., and THOMAS,
MACY, TAYLOR and LEHMAN, JJ.

MACY, Justice.

Appellants Cundy Asphalt Paving Con-
struction, Inc. and United Fire & Casualty
Company appeal from the judgment entered
in favor of Appellee Angelo Materials Com-

pany, from the order which taxed costs against the appellants, and from the order which denied Cundy's motion for a new trial.

We affirm in part, reverse in part, and remand.

## ISSUES

The appellants present the following issues for our review:

I. Was the verdict supported by sufficient evidence?

II. Did the trial court err in denying Defendant/Appellant Cundy Asphalt's motion for a new trial?

III. Did the district court improperly award costs to Angelo?

## FACTS

The State of Wyoming let bids in early 1993 for the reconstruction of approximately eight miles of Interstate 90 between Buffalo and Gillette. Cundy successfully bid the project and was awarded the general contract. As the general contractor, Cundy contracted with Angelo for gravel and crushed rock. Angelo was to obtain the rock from a pit owned by the State of Wyoming.

Under the contract, Angelo was required to furnish a specified quantity of rock in various sizes according to a project schedule which Cundy established after the contract had been signed. Although the contract required several types of mixtures which consisted of different amounts and types of ingredients, the controversy between Cundy and Angelo involved the Hot Plant Mix Type I materials. Cundy needed forty-five percent crushed rock, thirty-five percent crushed fines, and twenty percent natural filler as the ingredients for the Hot Plant Mix Type I. The rock and crushed fines were actually processed or crushed. The filler was a naturally occurring ingredient found in the designated pit and did not require any crushing.

According to the project schedule, Angelo was to begin its operations in the early part of April 1993, but inclement weather at Angelo's prior job site prevented Angelo from actually beginning its operations on the high-

way reconstruction project until approximately six weeks after the specified date. Weather problems continued throughout the month of June, delaying both Angelo and Cundy. Angelo's problems were compounded by the fact that the percentage of unusable materials in the pit was higher than the project plans represented. Consequently, Angelo's daily production rate was lower than expected. To compensate for the low production rate, Angelo increased its operation from fifty hours per week to eighty-four hours per week, and Cundy contracted with another operator for approximately 20,000 tons of Hot Plant Mix Type I materials.

As the work progressed under the contract, Angelo submitted bills to Cundy for the materials which had been produced, expecting to receive progress payments. Cundy usually received payment from the State of Wyoming within ten days after making its request, and it was obligated under the contract to pay Angelo immediately upon receiving that payment so long as Angelo was not in default under the contract. Cundy made two progress payments but refused to make the third payment because it thought that Angelo had overstated the payment amount. Cundy sent a letter to Angelo on August 9, 1993, informing Angelo that it had five days in which to produce adequate quantities of crushed material. Angelo maintained that it had produced a greater quantity of crushed material than it was requesting payment for. On August 11, 1993, Cundy informed Angelo that Cundy was not going to make any more progress payments until the project was completed. Angelo, consequently, decided to cease operating until it received payment for its progress. Cundy claimed that, since Angelo had ceased its operations, it breached the contract and, therefore, was not entitled to receive any more payments under the contract. On August 17, 1993, Cundy informed Angelo that Cundy was in the process of hiring a new subcontractor, and it ordered Angelo to leave the job site.

Angelo filed a complaint against Cundy, alleging that Cundy had breached the contract by refusing to make the progress payments. Cundy counterclaimed, asserting that Angelo had breached the contract by

discontinuing its operations. After a trial on the merits, the jury found that Cundy had breached the contract, and it awarded damages to Angelo. Cundy moved for a new trial, and Angelo asked for costs. The trial court denied Cundy's motion for a new trial and granted Angelo's motion for costs. The appellants appealed to this Court.

## DISCUSSION

### A. SUFFICIENCY OF THE EVIDENCE

██ Cundy claims that the evidence introduced at the trial was insufficient to support the jury's verdict and that, as a result, the trial court erroneously denied its motion for a new trial. In analyzing a sufficiency-of-the-evidence argument, we use the following standard:

The standard for reviewing the sufficiency of the evidence is well established. On review, this court assumes that the evidence in favor of the successful party is true. We leave out of consideration entirely the evidence presented by the unsuccessful party that conflicts with the evidence of the successful party, and we afford to the evidence of the successful party every favorable inference that may be reasonably and fairly drawn from it.

*Kadrmas v. Valley West Homeowner's Association,* 848 P.2d 826, 828 (Wyo.1993) (citation omitted), *quoted in Thunder Hawk By and Through Jensen v. Union Pacific Railroad Company,* 891 P.2d 773, 784 (Wyo. 1995).

After reviewing the record in the light most favorable to Angelo, we conclude that the jury based its verdict upon sufficient evidence. According to the contract, Angelo agreed to furnish specified quantities of rock in various sizes and to complete its work within the time specified by the schedule. Cundy agreed to pay Angelo immediately upon receiving payment from the State of Wyoming for such units of work as the project engineer determined had been produced.

Cundy improperly decided not to make progress payments to Angelo. The contract provided that the progress payments would be made, and it charged the project engineer with determining how much should be paid.

Cundy breached the contract when it decided not to make the progress payment and when it decided not to make any more progress payments until the project was completed.

Cundy argues that Angelo breached, repudiated, and abandoned the contract when it stopped crushing to await payment from Cundy. The record, however, does not support Cundy's claim that Angelo did not proceed diligently. The project was never delayed because of Angelo's actions or inaction. In fact, after Angelo was ordered to leave the pit, Cundy was able to produce pavement for two to three more weeks with the material which Angelo left behind. Cundy was the one that breached the contract. Angelo merely ceased production, waiting for the progress payment which it was entitled to receive under the contract.

Cundy argues that the trial court should have granted its motion for a new trial under W.R.C.P. 59(a)(6) because sufficient evidence did not support the jury's verdict. Since it is our opinion that sufficient evidence did support the jury's verdict, we must also conclude that the trial court properly denied Cundy's motion for a new trial.

### B. AWARD OF COSTS

██ The appellants claim that the trial court improperly awarded costs for depositions which were taken during discovery but were not used at the trial. With regard to the issue of whether the costs of discovery depositions are recoverable, we have adopted the following rule:

"With respect to costs of discovery depositions, we espouse the rule that if the discovery deposition is reasonably necessary for the preparation of the case, then there is no abuse of discretion on the part of the district judge in awarding such costs. With respect to the exercise of discretion as to such costs, however, the burden must be upon the party seeking the award of costs to justify to the district court that those costs were reasonably necessary for the preparation of the case for trial. If the depositions are introduced at the trial, or are used for purposes of impeachment or refreshing the recollection of a witness at

the trial that would ordinarily satisfy the burden of demonstrating that they were reasonably necessary. Other uses of the deposition in connection with the trial proceedings such as motions for summary judgment might serve to persuade the district court that the depositions were reasonably necessary, but it would not be required to so conclude."

*Weaver v. Mitchell,* 715 P.2d 1361, 1373 (Wyo.1986) (quoting *State v. Dieringer,* 708 P.2d 1, 11–12 (Wyo.1985) (citations omitted)).

In the case at bar, only one deposition was used at the trial. No evidence was introduced to establish that the remaining depositions were reasonably necessary for the preparation of the case for trial. We conclude, therefore, that the district court abused its discretion in awarding costs for the remaining depositions. *See Dieringer,* 708 P.2d at 12.

### C. *W.R.A.P. 10.05 SANCTIONS*

Angelo asserts that the appellants did not have reasonable cause for this appeal and, therefore, requests an award of fees pursuant to W.R.A.P. 10.05. We cannot certify that no reasonable cause existed; therefore, we deny Angelo's request.

### CONCLUSION

We hold that sufficient evidence was introduced at the trial to support the jury's verdict and the trial court's denial of Cundy's motion for a new trial but that the trial court abused its discretion when it awarded costs for the depositions which were not used in preparing the case for trial. The judgment entered in favor of Angelo and the order which denied Cundy's motion for a new trial are affirmed. The order which taxed costs against the appellants is reversed, and the case is remanded to the trial court for entry of an order with regard to costs which is consistent with this opinion.