**Donna TURCQ, n/k/a Donna Sasso, Appellant (Defendant),**

v.

**Debra L. SHANAHAN, Appellee (Plaintiff).**

No. 96–236.

Supreme Court of Wyoming.

Dec. 16, 1997.

animal into her animal control vehicle. Turcq appeals from a judgment entered on a jury verdict in favor of Shanahan, raising as a primary issue the failure of the theory of the case instruction, given by the court at Shanahan's request, to adequately advise the jury of the element of proximate causation. Collateral issues relate to the sufficiency of the evidence with respect to Turcq's negligence and, in the alternative, proximate cause; the sufficiency of the evidence to sustain the award of damages by the jury; and the refusal of the trial court to require the jury to itemize damages on the verdict form. We hold that, when the theory of the case instruction offered by Shanahan is read with all of the instructions, the law given to the jury relative to proximate cause was correct; there was sufficient evidence to sustain the jury's findings of negligence and proximate cause; and the trial court did not err in not requiring the jury to itemize damages on the verdict form. The Judgment entered in the trial court based upon the jury verdict is affirmed.

The issues asserted in the Brief of Appellant are:

I. Was there insufficient evidence for the jury to have found the dog owner negligent, or if the dog owner was negligent, for the jury to have found that negligence to have proximately caused the animal control officer's injuries?

II. Did the trial court err in giving the animal control officer's "theory of the case" instruction to the jury?

III. Was there insufficient evidence for the jury to have made its damage award to the animal control officer?

IV. Did the trial court err in refusing to require the jury to itemize damages on the verdict form?

In the Brief of Appellee the same issues are adopted with minor editorial differences.

On May 9, 1991, Shanahan was employed as an animal control officer by the City of Laramie. On that day, she responded to a complaint from neighbors that a dog was barking at Turcq's residence. Shanahan was familiar with the neighborhood because she had been dispatched to Turcq's residence five

Becky N. Klemt of Pence & MacMillan, Laramie, for Appellant.

Mason F. Skiles (argued) and Joseph A. Rodriguez of Skiles & Associates, LLC, Laramie, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

THOMAS, Justice.

The issues in this case arise out of a rather singular infliction of harm upon Debra L. Shanahan (Shanahan), an animal control officer, by a Great Dane owned by Donna Turcq, n/k/a Donna Sasso (Turcq). When Turcq left the Great Dane unattended, but tied, in her back yard, Shanahan answered a call complaining of the dog's barking. Shanahan was injured when she attempted to force the

times previously to address complaints of a barking dog. When she arrived at Turcq's residence, Shanahan discovered that the source of the complaint was Turcq's Great Dane, which was tied up in Turcq's back yard.

Shanahan determined that Turcq was not at home, and she placed a warning notice on the front door of the house. Shanahan then obtained a heavy leather leash from her vehicle, and proceeded into the back yard in order to impound the Great Dane. In the back yard, she first attempted to stop the animal from barking by talking to it. After a short time, a young boy, who was familiar with the Great Dane, arrived at the scene, and he began petting the dog and talking to it. The dog then stopped barking, and Shanahan approached the dog and began to pet it. She placed the leash over the dog's head, and lead it to her vehicle in front of the residence.

When Shanahan reached the vehicle, she wrapped the leather leash around the dog's nose and jaw as a precautionary measure, but when she leaned over the Great Dane, in order to lift it into the back of the vehicle, the dog escaped from the temporary muzzle. It was able to reach Shanahan's head; open its jaws wide enough to surround her head; and inflict severe bites. Ultimately the dog released Shanahan, and she was able to radio the police dispatcher for assistance. As a result of those bites, Shanahan suffered severe injuries to her head and her jaw.

Shanahan brought this action to recover for her injuries, relying upon the theories of negligence and strict liability. A summary judgment was entered dismissing the strict liability claim, and the case went to trial before a jury of six persons upon Shanahan's claim of negligence. At the trial, the court submitted a theory of the case instruction offered by Shanahan which stated:

It is the Plaintiff, Debra Shanahan's theory of the case that Defendant was negligent in tying the dog up in the back yard of her residence and it was the negligence of the Defendant that was the proximate cause of the Plaintiff's injuries.

More specifically stated, it is the Plaintiff's contention that the Defendant had a legal duty, set out by city ordinance, to keep her dog from becoming a nuisance by continually barking; that the Defendant knew of this duty and that if her dog continued to bark some type of action would be taken by the animal control officer. The Defendant breached this duty by allowing her dog to bark and that as a result of the Defendant's breach of duty to keep the dog from barking the Plaintiff was dispatched to the Defendant's residence to take some action in regard to the barking dog. As a result of her being forced to take some action in regard to the barking dog, Plaintiff suffered severe injuries. Plaintiff further states that it was foreseeable to the Defendant that if the dog continued to bark an animal control officer would be dispatched to the residence to take some action regarding the dog and that some injury or harm might result from the Defendant's failure to control her barking dog. As a result of the injuries suffered by Plaintiff, because of Defendant's breach of duty, Plaintiff suffered damages. It was the negligence of the Defendant which was the foreseeable and proximate cause of Plaintiff's injuries.

The trial court also submitted two additional instructions addressing the concept of proximate cause. Jury Instruction No. 12 advised the jury:

An injury or damage is caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about the injury or damage.

(See Wyoming Civil Pattern Jury Instruction, No. 3.04 (1994) for identical language.) Jury Instruction No. 26 stated that:

The law does not charge a person with all the consequences of a wrongful act, but ignores remote causes and only looks to the proximate cause.

Following deliberations, the jury returned a verdict in which it found that 45% of the total fault should be attributed to Shanahan and 55% of the total fault should be attributed to Turcq. It found that the total of damages sustained by Shanahan was $150,-000, of which $6,000 should be attributed to

past medical expenses and $4,000 should be attributed to future medical expenses. Although, the trial court ruled that the evidence was not sufficient to support the $4,000 award for future medical expenses, it entered a judgment upon the verdict in which Shanahan was awarded $82,500, with statutory interest, and costs in the amount of $976.54. Turcq has appealed from that judgment.

■ By our decisions, the elements of a negligence claim are firmly established as: 1) a duty owed by the defendant to the plaintiff; 2) a breach of that duty by the defendant; 3) the breach is the proximate cause; 4) of injuries to the plaintiff. *Vasquez By and Through Vasquez v. Wal–Mart Stores, Inc.,* 913 P.2d 441, 443 (Wyo.1996); *Downen v. Sinclair Oil Corp.,* 887 P.2d 515, 520 (Wyo. 1994). Proximate cause is explained as "the accident or injury must be the natural and probable consequence of the act of negligence." *Bettencourt v. Pride Well Service, Inc.,* 735 P.2d 722, 726 (Wyo.1987); *followed in, Natural Gas Processing Co. v. Hull,* 886 P.2d 1181, 1186 (Wyo.1994); *Lynch v. Norton Const., Inc.,* 861 P.2d 1095, 1099 (Wyo. 1993). The ultimate test of proximate cause is foreseeability of injury. *Stephenson v. Pacific Power & Light Co.,* 779 P.2d 1169, 1178 (Wyo.1989); *McClellan v. Tottenhoff,* 666 P.2d 408, 414 (Wyo.1983). In order to qualify as a legal cause, the conduct must be a substantial factor in bringing about the plaintiff's injuries. *Natural Gas Processing Co.,* 886 P.2d at 1186; *Stephenson,* 779 P.2d at 1178.

■ The primary claim of error made by Turcq in this case is that the theory of the case instruction, offered by Shanahan and given by the trial court, did not adequately articulate the element of proximate causation. We recognize that a party is entitled to have the jury instructed upon its theory of the case, assuming that the theory is supported by competent evidence. *Thunder Hawk By and Through Jensen v. Union Pacific R. Co.,* 891 P.2d 773, 783 (Wyo.1995); *Haderlie v. Sondgeroth,* 866 P.2d 703, 718 (Wyo.1993). In evaluating jury instructions as a matter of law, our rule is:

In considering the validity of instructions to a jury, we must determine whether the instructions, taken as a whole, adequately advise the jury of the applicable law. *Banks v. Crowner,* 694 P.2d 101 (Wyo. 1985). Proper instructions should be clear declarations of the pertinent law. *Short v. Spring Creek Ranch, Inc.,* 731 P.2d 1195 (Wyo.1987). The ruling of a trial court on an instruction will not constitute reversible error unless there is a showing of prejudice, which connotes a demonstration by the complaining party that the instruction misled or confused the jury with respect to the applicable principles of law. *DeJulio v. Foster,* 715 P.2d 182 (Wyo.1986).

*L.U. Sheep Co. v. Board of County Com'rs of County of Hot Springs,* 790 P.2d 663, 672 (Wyo.1990); *followed in, Thunder Hawk,* 891 P.2d at 782–83. *See also Vasquez,* 913 P.2d at 443.

■ We agree with the comment of the trial court that Shanahan's theory of the case instruction was not as concise as it might have been. It did, however, adequately inform the jury with respect to the applicable principles of law. When considered together with Jury Instruction No. 12 and Jury Instruction No. 26, quoted above, which were given to the jury to avoid confusion upon the question of proximate cause, we are satisfied that the jury was adequately instructed. The theory of the case instruction offered by Shanahan was not erroneous in light of all the instructions.

■ Turcq also argues that there was not sufficient evidence of negligence and proximate cause to support the verdict in favor of Shanahan. When we analyze a claim of error attacking the sufficiency of the evidence, our review is conducted in accordance with this standard:

The standard for reviewing the sufficiency of the evidence is well established. On review, this court assumes that the evidence in favor of the successful party is true. *Richardson v. Schaub,* 796 P.2d 1304, 1309 (Wyo.1990). We leave out of consideration entirely the evidence presented by the unsuccessful party that conflicts with the evidence of the successful party, and we afford to the evidence of the successful party every favorable inference

that may be reasonably and fairly drawn from it. *Richardson,* 796 P.2d at 1310; *DeJulio v. Foster,* 715 P.2d 182, 185 (Wyo. 1986).

*Kadrmas v. Valley West Homeowner's Ass'n,* 848 P.2d 826, 828 (Wyo.1993); *followed in, Cundy Asphalt Paving Const., Inc. v. Angelo Materials Co.,* 915 P.2d 1181, 1183 (Wyo. 1996).

■ Our cases establish that the owner of a dog can be held liable for injuries proximately caused as a result of the dog owner's negligent care and control of a domestic animal, or upon "duties created by state statutes or municipal ordinances which alter the duties imposed by common law * * *." *Williams v. Johnson,* 781 P.2d 922, 923 (Wyo.1989). *See also, Endresen v. Allen,* 574 P.2d 1219, 1222–23 (Wyo.1978). In this instance, there is no dispute that Turcq had a duty to keep her Great Dane from barking. She not only had a duty to care for and control her animal in a reasonable manner, but she also had a duty to insure that her animal did not violate the ordinance of the City of Laramie relating to barking dogs. It is equally clear from the record that Turcq's duty was breached when she left the Great Dane tied up in the back yard of her residence, and the dog then barked for at least two hours. The record also demonstrates that Shanahan suffered severe injuries because of the bites inflicted by the Great Dane.

■ The focus of the issue is whether the Turcq's failure to prevent the dog from barking was a proximate cause of the injuries to Shanahan. Proximate cause is a question of fact in the usual case, reserved for the determination by the trier of fact, unless the evidence is such that reasonable minds could not disagree. *Duncan v. Town of Jackson,* 903 P.2d 548, 553 (Wyo.1995); *Downen,* 887 P.2d at 520; *Lynch,* 861 P.2d at 1099. As we have earlier stated, the ultimate test of proximate cause is foreseeability of the injury. *Stephenson,* 779 P.2d at 1178; *McClellan,* 666 P.2d at 414.

■ The evidence in this record establishes that Turcq was aware that the Great Dane consistently barked. Shanahan had been dispatched to Turcq's residence five previous times to address complaints about the dog barking. The former chief of police for the City of Laramie testified that, if an owner was in violation of the city ordinance and the animal control officer was unable to contact the owner, the procedure to be followed was for the animal control officer to impound the animal and attempt to notify the owner. It was foreseeable that an animal control officer would be summoned to Turcq's residence to respond to any complaint of the dog barking, and if Turcq was not at home, it was foreseeable that the animal control officer would take appropriate steps to impound the animal. The thrust of this evidence is that reasonable minds could arrive at the conclusion that the incident was foreseeable, and that Turcq's failure to satisfy her duty of caring for and controlling her Great Dane proximately resulted in the injuries to Shanahan.

■ Turcq also attacks the sufficiency of the evidence of damages to justify the award made by the jury. Shanahan sought damages for past and future medical care; past and future mental and emotional pain; past and future loss of enjoyment of life; past and future loss of wages; permanent disfigurement and disability; and an impaired earning capacity. Shanahan's testimony established that, after the dog bit her, she was taken to a hospital by ambulance where doctors placed approximately two hundred stitches into her head. She later was referred to a specialist for treatment of her jaw which she was unable to open because of scar tissue which formed from the dog bite. At one point, she was referred to a brain injury recovery program for rehabilitation. At the time the trial was held, Shanahan still had problems with her vision, memory lapses, headaches, and a loss of hearing. The product of these injuries was that she was medically terminated as an animal control officer for the City of Laramie. The claims for lost wages resulted from the termination.

The jury found that Shanahan's total damages were $150,000, which included $6,000 in past medical expenses and $4,000 in future

medical expenses.[1] With the evidence introduced at trial relating to all of Shanahan's difficulties, the evidence was sufficient to support the finding by the jury of total damages of $150,000. The jury attributed 45% of the fault to Shanahan for her injuries, and pursuant to the comparative fault statute, Shanahan's award was reduced to 55% of the $150,000. WYO. STAT. § 1-1-109 (Supp.1995).

 Turcq's final claim of error challenges the refusal of the trial court to require the jury to itemize damages on the verdict form. The submission of or the failure to submit a particular form of special verdict is vested in the sound discretion of the trial court. *Duffy v. Brown*, 708 P.2d 433, 439 (Wyo.1985), and cases there cited; *Tadday v. National Aviation Underwriters*, 660 P.2d 1148, 1153 (Wyo.1983); *North Central Gas Co. v. Bloem*, 376 P.2d 382, 385 (Wyo.1962). All of these cases interpret and apply WYO. R. CIV. P. 49. Turcq objected to the verdict form at trial, and the issue is preserved for appeal. *Duffy*, 708 P.2d at 439. The rationale supplied by the trial court for the special verdict form which encompassed only past medical expenses and future medical expenses, involved two propositions. First, the damages for past medical expenses were stipulated to be $5,997, and the district court wanted to insure that the jury would not award any amount beyond that figure. Second, the trial court was in doubt as to whether Shanahan had adequately established future medical expenses, and wanted to reserve judgment on that issue, pursuant to WYO. R. CIV. P. 50, if the jury found future medical expenses. In this particular instance, we discern no abuse of discretion on the part of the trial court in refusing to require itemization of general damages or other special damages on the verdict form.

The Judgment entered by the trial court on the jury verdict in this case is affirmed.