**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 13 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CLARINDA MONAHAN,

      Plaintiff-Appellant,

v.

WAL-MART STORES, INC.,

      Defendant-Appellee.

No. 97-6139
(D.C. No. CIV-96-706-T)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Clarinda Monahan was shopping in a Wal-Mart Super Center in Yukon, Oklahoma, when several plastic laundry baskets fell off the top shelf of a display counter and struck her on the head and arms. Claiming neurological and other injuries that had made her unemployable, Monahan brought this diversity action against Wal-Mart, contending that the incident resulted from Wal-Mart's negligence and seeking over $500,000 in compensatory damages. The case proceeded to trial, and the jury returned a verdict for Wal-Mart. Ms. Monahan appeals.

Ms. Monahan first contends that the district court erred in rejecting her request for a res ipsa loquitur jury instruction. We review a district court's decision whether to give a particular instruction for abuse of discretion, but review de novo whether the instructions as a whole correctly stated the governing law and provided the jury with an adequate understanding of the issues and applicable standards. See Harrison v. Eddy Potash, Inc., 112 F.3d 1437, 1442 (10th Cir. 1997), petition for cert. filed, 66 U.S.L.W. 3137 (U.S. Aug. 6, 1997) (No. 97-232).

"Res ipsa loquitur is a pattern of proof which may be followed when an injury is alleged to have been negligently inflicted and the harm is shown not to occur in the usual course of everyday conduct unless a person who controls the instrumentality likely to have produced that harm fails to exercise due care to

prevent its occurrence." Harder v. F.C. Clinton, Inc., 948 P.2d 298, 302-03 (Okla. 1997) (footnotes omitted). To be entitled to the benefit of the res ipsa loquitur doctrine, a plaintiff must first prove, among other things, that the defendant had exclusive control over the instrumentality that caused the injury. See id. at 303 n.12. The district court concluded Ms. Monahan had not shown that Wal-Mart had exclusive control over the baskets. The baskets were sitting on what is called a "riser," the top level of a display shelf. Evidence indicated that risers are generally only six feet high and that customers remove items from the risers. Ms. Monahan points to testimony indicating that the risers are eight feet tall, but this testimony described risers in a different department in the store. The district court noted that the store was open twenty-four hours a day and that customers had access to the baskets on the riser. We see no error in the court's refusal to instruct the jury on res ipsa loquitur.

Ms. Monahan next contends that the district court erred in making several evidentiary rulings. We review a district court's admission or exclusion of evidence for an abuse of discretion. See Faulkner v. Super Valu Stores, Inc., 3 F.3d 1419, 1433 (10th Cir. 1993). To prove that Wal-Mart had notice of the dangerous condition of the baskets, Ms. Monahan wanted to introduce evidence of other accidents at Wal-Mart stores involving falling merchandise. The court limited admissible evidence to accidents similar to this one, that is, falling plastic

containers at this particular Wal-Mart, because "whether items are safely displayed necessarily depends on the items involved," and "the manner in which items were displayed in other Wal-Mart locations is not relevant" to her claim. Appellant's App. Vol. II at 334. Ms. Monahan has failed to demonstrate that this limitation was an abuse of the court's discretion. She next contends that the court erred by excluding evidence of certain Wal-Mart corporate safety policies, but the only one she specifically refers to is an accident reduction plan not scheduled to go into effect until a year after this accident happened. Again, we see no abuse of discretion in the court's ruling. Plaintiff also contends that the court erred by not striking certain portions of a videotaped deposition. However, she does not explain why this testimony should have been excluded or how it prejudiced her, nor does it appear that she raised this particular point to the district court prior to the objectionable testimony being presented to the jury. This contention is clearly without merit.

Finally, Ms. Monahan contends that Wal-Mart's discovery abuses prevented her from receiving a fair trial. She apparently suspects that Wal-Mart did not produce all requested documents during discovery and that it unreasonably delayed producing others. She fails to identify, however, any alleged error by the district court in this matter, an obvious prerequisite to any relief from this court.

The judgment of the district court is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge

Henry, Circuit Judge, dissenting in part.


As the district court noted, the question of the exclusive control element of the res ipsa loquitur pattern of proof was "a perfectly debatable matter."  In my view, the debate has become closer with the issuance of a recent opinion by the Oklahoma Supreme Court which was not available to the trial court at the time of its decision.  See Harder v. F.C. Clinton, Inc., 948 P.2d 298 (Okla. 1997).  Both in its restatement of the law on this matter and its application to a unique fact pattern, I believe this case clarifies and perhaps expands Oklahoma law on res ipsa loquitur patterns of proof.

In Harder, Justice Opala, writing for the Court, listed the "foundation facts" which should be shown for a res ipsa loquitur pattern of proof.

> The *foundation facts* to be shown are:  (a) an injury that does not occur in the usual course of everyday conduct; (b) the defendant exclusively controlled the instrumentality that caused the injury; (c) evidence of the true explanation for the harm's occurrence is more accessible to the defendant than to the plaintiff; and (d) the circumstances surrounding the harmful event are not likely to produce an injury unless the defendant fails to exercise due care to prevent its occurrence.

Id. at 303 n.12.  The court goes on to explain that

> [t]he effect of the *res ipsa loquitur* evidentiary rule is merely to raise a rebuttable inference which allows a plaintiff to take the case to the jury and thus avoid a directed verdict for the defendant.  Where the *proof is conflicting or subject to different inferences*, some of which are in favor of and others against the applicability of *res ipsa loquitur*, the question must be left to the jury.  It is only when one of the foundation facts *is irrefutably negated* that the necessary prop

> may be deemed knocked out from under the *sine qua non* predicate for application of the *res ipsa* proof pattern.

Id. at 303-304 (footnotes omitted).

Though a close question, I see the conflicting testimony in this case as creating the kind of fact question the Oklahoma Supreme Court described above. Consequently, I would, with the hindsight benefit of Oklahoma's most recent exposition on this subject, send this question to a jury.