Sandra REESE, Appellant (Plaintiff),

v.

The BOARD OF DIRECTORS OF MEMORIAL HOSPITAL OF LARAMIE COUNTY, d/b/a United Medical Center, Appellee (Defendant).

No. 97–179.

Supreme Court of Wyoming.

Feb. 26, 1998.

Donald J. Sullivan, Cheyenne, for Appellant.

George E. Powers, Jr., of Sundahl, Powers, Kapp & Martin, Cheyenne, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

GOLDEN, Justice.

Sandra Reese appeals from a jury verdict which found that the Appellee Board of Directors of Memorial Hospital of Laramie County, d/b/a United Medical Center (UMC), was not negligent during her treatment at the UMC same day surgery unit.

## ISSUES

Appellant Reese submits only one issue for our review:

1. Whether the trial court erred in refusing to instruct the jury on the rule of *res ipsa loquitur.*

Appellee UMC presents the following issues:

1. Did the district court abuse its discretion in refusing Plaintiff's instructions on *res ipsa loquitur* due to the failure of Plaintiff's counsel to comply with the Court's pretrial order?

2. Did the trial court correctly refuse to instruct the jury on the doctrine of *res ipsa loquitur* based upon the evidence presented at trial[?]

3. Can the Plaintiff demonstrate prejudice as a result of the trial court's refusal to instruct on the doctrine of *res ipsa loquitur* [?]

## FACTS

On November 11, 1992, Reese underwent oral surgery and was given a general anesthetic in a UMC facility. While Reese was still unconscious under the influence of the general anesthesia, she was moved to the recovery room and then to a patient room by employees of UMC. Reese was released from the hospital on the same day at 12:40 p.m. and walked out of the building on her own power.

Approximately one month after her oral surgery, Reese visited her personal physician, Dr. Davis, who had seen Reese for several years following a ski injury in 1988 which resulted in neck fusion surgery in 1989. Dr. Davis examined Reese and had an MRI performed on her neck. Because Dr. Davis could not determine the significance of the MRI findings during his physical examination of Reese, he referred her to Dr. Pettine in Colorado. The MRI showed a disk problem in the C6–C7 area, and fusion surgery was performed on January 6, 1993.

Reese filed this lawsuit in November of 1994. In her complaint, Reese alleged that the UMC employees did not adequately support her head and neck, causing her head to fall freely backward with great force and momentum. She also alleged that those acts were negligent and did not comport with the applicable standard of care.

In the trial court's pre-trial conference report and order, the trial court relied on *Keller v. Anderson,* 554 P.2d 1253, 1260 (Wyo.1976), to determine that "it does not appear that the claimed negligence and its causal connection to plaintiff's claimed injuries is 'within the common knowledge of man,' and res ipsa is inapplicable." During the instruction conference after the close of the evidence, the trial court found that Reese did not timely file her instructions with the court in accordance with the court's pre-trial conference order, and summarily rejected all of her proposed instructions. However, the trial court allowed Reese to offer her proposed instructions in order to make a complete record. Reese offered the pattern jury instruction on *res ipsa loquitur.* The court determined that the case was not appropriate for a *res ipsa loquitur* instruction because evidence had been presented that "you can get a herniated disk from turning wrong, sneezing, et cetera." The jury returned a verdict finding UMC was not negligent, and judgment was entered in favor of the defendant, UMC. This appeal timely followed.

## DISCUSSION

▮▮ Reese complains that the trial court committed reversible error when it refused to give her proffered pattern jury instruction

on *res ipsa loquitur.* The function of jury instructions is to give the jury guidance regarding the law applicable to the case. *De-Julio v. Foster,* 715 P.2d 182, 186 (Wyo.1986). The trial court is not obligated to give an instruction offered by a party as long as the jury is adequately instructed on the law as it pertains to that case. *Id.* We will not reverse a trial court's ruling on an instruction unless it is demonstrated that the instruction was necessary to provide the jury with the proper principles of law applicable to the case and the proponent of the refused instruction can show prejudice. *Id.*

Our case law holds that the doctrine of *res ipsa loquitur* is limited to those situations where something causes injury, that thing is under the exclusive control of the defendant, and the injury is such that, in the ordinary course of things, does not occur if one having such control uses proper care. *Wood v. Geis Trucking Co.,* 639 P.2d 903, 906 (Wyo.1982). *Res ipsa loquitur* is a doctrine of limited application which allows a plaintiff to recover for negligence even though she is unable to point to a specific act of negligence which caused the injury. *Id.* The doctrine is not applied where the circumstances warrant an inference that the injury did not result from the negligence of the defendant. *Id.* at 906–07.

The doctrine is applied where an act or omission was negligent within the common knowledge of man. *Keller v. Anderson,* 554 P.2d 1253, 1260 (Wyo.1976). However, the doctrine will not be applied where the determination of the alleged negligence is not within the common knowledge of man. *Id.* Translated into English, *res ipsa loquitur* means "[t]he thing speaks for itself." BLACK'S LAW DICTIONARY 1173 (5th ed.1979). If the determination of the alleged negligence does not "speak for itself," or is not within the "common knowledge of man," then the plaintiff must establish and prove each element of negligence. *Keller,* 554 P.2d at 1260–61. The doctrine of *res ipsa loquitur* is predicated upon the plaintiff's inability to specify the act of negligence which caused her injury, allowing her to rely on the doctrine to substitute for specific proof of negligence. *Dellapenta v. Dellapenta,* 838 P.2d 1153, 1164 (Wyo.1992). If the circumstances or the evidence do not show or suggest that the defendant should have superior knowledge, or if the plaintiff possesses equal or superior means of explaining the occurrence, the rule may not be invoked. *Id.*

Applying the doctrine of *res ipsa loquitur* to this case would permit Reese to substitute an inference of negligence for direct evidence of the hospital's negligence. Yet Reese argued at trial and continues to argue that specific acts of the hospital staff, i.e., mishandling her when she was returned to her hospital bed and allowing her head to snap back, constituted negligence. Additionally, the doctrine cannot be applied when an inference that the injury was due to a cause other than the defendant's negligence could be drawn as reasonably as one that it was due to his negligence. *Id.* at 1165. In other words, when the thing does not "speak for itself," the doctrine should not be applied. The trial court considered relevant testimony that the injury could have been caused by "turning wrong, sneezing, et cetera." Because other causes of the injury could be inferred, the fact of the injury did not necessarily mean it resulted from some negligent act on the part of the hospital. In this situation, *res ipsa loquitur* could not form the basis of Reese's recovery and the instruction was properly refused.

### CONCLUSION

*Res ipsa loquitur* should not be used to create an inference of negligence where the plaintiff's evidence points to specific acts, which are in dispute, and where equal evidence exists to support the contention that the defendant was not negligent. In this case, the occurrence of the injury did not "speak for itself" nor was it "within the common knowledge of man" that the injury must have occurred while Reese was in the hospital's care, another disputed issue. The district court did not err when it refused to instruct the jury on an inapplicable principle of law.

We affirm.