Gloria ANDERSON, Appellant (Plaintiff),

v.

Kenneth DUNCAN and Patty Duncan, Appellees (Defendants).

No. 98–153.

Supreme Court of Wyoming.

Dec. 7, 1998.

Fred W. Phifer, Wheatland, Wyoming, for the Appellant.

Rebecca A. Lewis and Scott W. Meier of Lewis & Hunt, LLC, Laramie Wyoming, for the Appellees.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR,* JJ.

MACY, Justice.

Appellant Gloria Anderson appeals from the order in which the trial court granted

* Retired November 2, 1998

Appellees Kenneth Duncan and Patty Duncan's motion for a judgment as a matter of law upon finding that a causal connection did not exist between Anderson's slip and fall and the condition of the Duncans' property.

We affirm.

## ISSUES

Anderson presents two issues in her appeal:

1. Did the trial court err in granting Appellees' Motion for Judgment as a Matter of Law?

2. Did the trial court err in refusing to admit Appellant's x-ray exhibits?

## FACTS

The Duncans owned a house in Wheatland. A sidewalk ran from the front entry of the house to the street, and two concrete stairs were located at the far end of the sidewalk, near the street. At one time, handrails were located on the sides of the stairs, but one handrail was removed before the Duncans acquired the property. A lamp on a post was located adjacent to the stairs. The cover on the lamp had been damaged in a storm, so the Duncans removed the cover to have it repaired. They also removed the light bulb from the lamp even though the lamp was still functional. Large trees with dense foliage were located on the Duncan property near the sidewalk, and apparently some crab apple trees were also located in the vicinity.

The Duncans and Alvera Prewitt entered into an oral contract for Prewitt to purchase the Duncans' house, and the Duncans allowed Prewitt to move into the house before the sale closed. Anderson helped Prewitt move into the Duncans' house on August 15, 1996. During the course of the day, Anderson consumed one alcoholic drink plus part of a second alcoholic drink. She ate dinner that night with Prewitt and other members of Prewitt's family. When Anderson left the Duncans' house after dinner, it was dark outside. She walked down the sidewalk and fell, landing near the stairs at the far end of the sidewalk. Anderson broke her ankle when she fell.

On January 29, 1997, Anderson filed a complaint in the district court, asserting that the Duncans were negligent because they did not maintain their property in a reasonably safe condition. Specifically, Anderson claimed that the Duncans: failed to keep the trees trimmed so that they did not block the light that might have illuminated the sidewalk and the stairs; failed to keep the lamp on the post operable; and failed to replace the handrail next to the stairs.

The trial court held a jury trial on Anderson's negligence claim on March 11, 1998. After Anderson rested her case on the liability issue, the Duncans presented a motion for a judgment as a matter of law, claiming that Anderson failed to present evidence showing a causal connection existed between their allegedly negligent acts and her fall. The trial court granted their motion, and Anderson appealed to this Court.

## DISCUSSION

Anderson asserts that the trial court erred by granting a judgment as a matter of law in favor of the Duncans. Although her argument is somewhat difficult to understand, Anderson apparently contends that the evidence presented at the trial justified submitting the case to the jury. We do not agree with Anderson; the trial court properly granted a judgment as a matter of law in favor of the Duncans.

W.R.C.P. 50(a) provides:

(a) Judgment as a Matter of Law.

(1) If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

(2) Motions for judgment as a matter of law may be made at any time before submission of the case to the jury. Such a motion shall specify the judgment sought

and the law and the facts on which the moving party is entitled to the judgment. In reviewing a judgment as a matter of law, we evaluate the record without affording deference to the trial court's views. *John Q. Hammons Inc. v. Poletis*, 954 P.2d 1353, 1356 (Wyo.1998); *Hatch v. State Farm Fire and Casualty Company*, 930 P.2d 382, 395 (Wyo.1997). A judgment as a matter of law is appropriate when reasonable jurors could reach but one conclusion as to the verdict. *Hatch*, 930 P.2d at 395. We regard the nonmoving party's evidence as being true, and we give that party the benefit of all reasonable inferences that may be drawn from the evidence. *Garaman, Inc. v. Williams*, 912 P.2d 1121, 1123 (Wyo.1996). Additionally, we do not weigh the evidence or assess the credibility of the witnesses. *John Q. Hammons Inc.*, 954 P.2d at 1356. A judgment as a matter of law deprives the opposing party of the opportunity to have the jury determine the facts, and the court should, therefore, use caution in granting such a judgment. *Id.; Hatch*, 930 P.2d at 395.

■ The elements of a negligence claim are: (1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; (3) the defendant's breach of his duty was the proximate cause of the plaintiff's injuries; and (4) the plaintiff was injured. *Turcq v. Shanahan*, 950 P.2d 47, 51 (Wyo. 1997); *Daily v. Bone*, 906 P.2d 1039, 1043 (Wyo.1995). A plaintiff has the burden of proving all four elements of his negligence claim. *Vasquez By and Through Vasquez v. Wal–Mart Stores, Inc.*, 913 P.2d 441, 443 (Wyo.1996). The trial court determined that Anderson did not satisfy the causation element of her negligence claim against the Duncans.

■ Legal causation is defined as conduct that "is a substantial factor in bringing about the plaintiff's injuries." *Natural Gas Processing Co. v. Hull*, 886 P.2d 1181, 1186 (Wyo.1994). *See also Turcq*, 950 P.2d at 51. [I]f the conduct is "that cause which in natural and continuous sequence, unbroken by a sufficient intervening cause produces the injury, without which the result would not have occurred," it must be identified as a substantial factor in bringing about the harm. If, however, it created only a condition or occasion for the harm to occur then it would be regarded as a remote, not a proximate, cause, and would not be a substantial factor in bringing about the harm. *Buckley v. Bell*, 703 P.2d 1089, 1092 (Wyo. 1985) (quoting *Lemos v. Madden*, 28 Wyo. 1, 10, 200 P. 791, 793 (1921)). *See also Natural Gas Processing Co.*, 886 P.2d at 1186.

■ At the trial, Anderson testified that she did not know what caused her to fall:

> I was walking out the door down the sidewalk, and I found out I was on the ground. I don't remember how or what. It was really dark. There were little bitty [c]rab apples all over every[ ]where, the sidewalk, the grass, the street, but I can't tell you what happened. I don't know. It happened too fast.

She reiterated on cross-examination that she did not know why she fell:

> Q   There are two stairs, and you fell somewhere in that vicinity.
>
> A   (The witness nodded her head.)
>
> Q   And you don't know whether there was anything there that you fell on either, correct?
>
> A   (The witness shook her head.)
>
> Q   There has been mention that there were crab apples around, but [you] don't know that you fell on a crab apple.
>
> A   I have no idea how I went down, the truth. I don't know.

Anderson does not direct us to additional evidence in the record that establishes the causation element of her negligence claim. In ruling on the Duncans' motion for a judgment as a matter of law, the trial court stated:

> Here is where we are. [Anderson] doesn't say that she couldn't see the steps. She doesn't say she needed a guardrail to hang on to. She didn't say she slipped on a crab apple.
>
> The definition of cause, the one that you both agreed to, is an act or omission was a substantial factor in bringing about a result. That's kind of the more modern definition of cause, and even using that, I don't

see any evidence that the darkness—It would be guessing to say it was a substantial factor in why she tripped. It would be guessing to say that the handrail was a substantial factor in why she tripped. Actually, it would be guessing to say for sure where she tripped.

I am reluctant to do it, but I don't see any way that I could support a jury saying that the [Duncans] caused this, based on the evidence we have today.

. . . .

... [T]here is no evidence of a causal connection.... [I]t's all speculation for us to say that she wouldn't have tripped if that light had been on, that she wouldn't have tripped if the handrail had been there.

I am going to grant the motion.

This Court has stated that negligence and causation are not presumed simply because an accident occurred. *Vasquez By and Through Vasquez*, 913 P.2d at 443; *see LeGrande v. Misner*, 490 P.2d 1252, 1254–55 (Wyo.1971). Liability for a negligence claim cannot be established by conjecture, speculation, or guess. *Bluejacket v. Carney*, 550 P.2d 494, 497 (Wyo.1976); *Continental Motors Corporation v. Joly*, 483 P.2d 244, 252 (Wyo.1971). In establishing that a defendant is liable for a plaintiff's injuries, the plaintiff must show the reason why he slipped and fell. *Bluejacket*, 550 P.2d at 497; *LeGrande*, 490 P.2d at 1254.

Anderson quotes from *Bettencourt v. Pride Well Service, Inc.*, 735 P.2d 722 (Wyo.1987), in making her claim that the trial court should have allowed the case to go to the jury. In *Bettencourt*, a worker fell while he was descending the ladder he had used to climb to the top of an oil storage tank. 735 P.2d at 724. The district court granted a summary judgment in favor of the defendants in the case because the worker could not establish the cause of his fall. 735 P.2d at 722. Bettencourt could not establish causation because no one witnessed his fall and he had traumatic amnesia as a result of his fall. 735 P.2d at 724. We reversed the summary judgment, stating:

We hold that in this instance the circumstantial evidence presents a question for the jury and extends beyond conjecture, speculation or surmise. The circumstantial evidence here present and common knowledge provide a basis from which the causal sequence may be inferred. Reasonable minds could differ on the question, but they also could find that the design of the oil tank and the attached ladder; the absence of artificial lighting; the oil on top of the tanks; and the continued use of the tank with the ladder in the condition described by [a witness] or any or all of these did constitute a substantial factor in bringing about the injuries to Bettencourt. Under the circumstances, the summary judgment in favor of [the defendants] must be reversed.

735 P.2d at 729. The *Bettencourt* case obviously involved a very unique factual situation, and we attribute the holding in that case to its unique facts.

In this case, by contrast, Anderson did not have traumatic amnesia as a result of her fall. She simply did not know what caused her to fall. This case is more akin to *Bluejacket* and *LeGrande*. We will, accordingly, follow the rationale of those cases in our decision in the case at bar.

We have examined all the evidence in this case in accordance with our standard for reviewing judgments as a matter of law. The record is completely devoid of evidence on what actually caused Anderson to fall. Although Anderson suggested that the lack of light and the crab apples were potential causes of her fall, she did not present concrete evidence to establish that either condition was a substantial factor in bringing about her fall. Faced with this dearth of evidence on the causation element of Anderson's negligence claim, the trial court properly resisted the temptation to speculate or guess about the cause of her fall. We conclude that the trial court's assessment of the state of the evidence was correct and that the trial court did not err by granting a judgment as a matter of law in favor of the Duncans.

In her second issue, Anderson claims that the trial court erred when it refused to admit her x-ray exhibits into evidence at the trial.

The x-rays purportedly showed Anderson's broken ankle and the results of her surgery. As we stated above, we have determined that the trial court properly granted a judgment as a matter of law because Anderson did not present evidence to establish the cause of her injuries. Anderson does not claim that the x-rays were relevant to the causation element of her negligence claim, and we cannot imagine how the x-rays could be used to prove causation. We do not, therefore, need to determine whether the x-rays were admissible evidence because they were not relevant to the causation issue and our decision that Anderson did not present evidence on the legal cause of her injury is dispositive.

Affirmed.