**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 7 2001**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RACHEL ALLEN,

        Plaintiff-Appellee,

v.

WAL-MART STORES, INC.,

        Defendant-Appellant.

No. 00-8004

---

Appeal from the United States District Court
for the District of Wyoming
(D.C. No. 99-CV-1002)

---

Roger E. Shumate, of Murane & Bostwick, L.L.C., Casper, Wyoming, (Deborah Ford Mincer of Murane & Bostwick, L.L.C., Cheyenne, Wyoming, with him on the brief), for Appellant.

Donald A. Cole, of Cole & Cole Law Firm, Cheyenne, Wyoming, for Appellee.

---

Before **TACHA,** Chief Judge, **McWILLIAMS,** and **MURPHY,** Circuit Judges.

---

**MURPHY**, Circuit Judge.

Appellee, Rachel Allen, was injured when she was struck by boxes of merchandise while shopping at a store operated by Appellant, Wal-Mart Stores, Inc. ("Wal-Mart"). Allen claimed her injuries were caused by Wal-Mart's negligence and she sought damages for medical expenses, pain and suffering, and loss of enjoyment of life. A jury returned a general verdict awarding Allen $40,000 and judgment was entered in that amount. Wal-Mart's Motion for Judgment as a Matter of Law, or in the Alternative, for a New Trial was denied and Wal-Mart brought this appeal.

On appeal, Wal-Mart argues that (1) it is entitled to judgment as a matter of law because Allen failed to produce evidence of causation; (2) it is entitled to a new trial on the issue of damages because Allen failed to present evidence supporting loss of enjoyment of life damages; and (3) it is entitled to a new trial because the district court erred when it instructed the jury on the doctrine of *res ipsa loquitur*. This court concludes that Allen presented sufficient evidence of causation and, thus, Wal-Mart is not entitled to judgment as a matter of law. Additionally, we decline to grant a new trial on damages because Allen presented sufficient evidence to support her claim for loss of enjoyment of life damages. We conclude, however, that the district court improperly instructed the jury on the doctrine of *res ipsa loquitur*. Exercising jurisdiction pursuant to 28 U.S.C. §

1291, we **vacate** the judgment entered on the jury's verdict and **remand** for a new trial consistent with this opinion.

## I.      FACTUAL BACKGROUND

Plaintiff-Appellee Rachel Allen was shopping in a Wal-Mart store on December 16, 1994, when she was struck by boxes that fell from a top shelf (the "riser"). In her Pre-Trial Memorandum, Allen alleged that "an employee of the store pushed, knocked, or caused 20-25 boxes of merchandise to fall upon her as she was standing in front of a counter." Allen also alleged that the boxes were negligently stacked.

At trial, Allen testified that shortly before the boxes fell, a Wal-Mart employee was standing on a lower shelf attempting to reach something from the riser. After the accident, a Report of Customer Incident was prepared by Wal-Mart. This report contained the following statement describing Allen's account of the accident: "a female associate stood on shelf to get item from riser and [ ] 20-30 'pink boxes' fell and hit [Allen] on the head and shoulders." The Wal-Mart employee, however, testified at trial that she observed Allen "reaching up to the top shelf and trying to get some merchandise down." The employee's account was not included in the Report of Customer Incident and was denied by Allen.

Allen also testified that after the accident she began experiencing neck and back pain and headaches. Although Allen had surgery approximately two years

after the accident, Allen testified that she still suffers from pain on cold days and that she is afraid to engage in certain activities.

At the close of Allen's case, Wal-Mart moved for judgment as a matter of law. The motion was denied. At the close of evidence, the district court held a jury instruction conference. At the conference, Wal-Mart objected to the giving of a jury instruction regarding the doctrine of *res ipsa loquitur*. The district court, however, gave the instruction over Wal-Mart's objection. The jury determined that Wal-Mart was 100% at fault and returned a general verdict for Allen in the amount of $40,000.

After the jury verdict, Wal-Mart filed a timely Renewed Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial. In support of that motion, Wal-Mart first argued that it was entitled to judgment as a matter of law because Allen had failed to produce any evidence that an employee of Wal-Mart caused the merchandise to fall on her. In the alternative, Wal-Mart argued that it was entitled to a new trial because the district court erred when it gave the *res ipsa loquitur* instruction. Wal-Mart also argued that it was entitled to a new trial because the award of damages was not supported by the evidence. The district court denied Wal-Mart's motion and Wal-Mart brought this appeal challenging the judgment in favor of Allen.

## II.    DISCUSSION

*A.* *Wal-Mart's Entitlement to Judgment as a Matter of Law*

*1.* *Standard of Review*

This court reviews the denial of judgment as a matter of law *de novo*, applying the same standard applied by the district court. *See Sheets v. Salt Lake County*, 45 F.3d 1383, 1387 (10th Cir. 1995). Under that standard, judgment as a matter of law is only appropriate when a party has been fully heard on an issue and "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a)(1). This court "may find error in the denial of such a motion only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion; we must construe the evidence and inferences most favorably to the nonmoving party." *FDIC v. United Pac. Ins. Co.*, 20 F.3d 1070, 1079 (10th Cir. 1994) (quotation omitted). This court, thus, must determine whether Allen presented any evidence upon which the jury could reasonably infer that Wal-Mart's negligence caused her injuries.

*2.* *Evidence of Causation*

Relying on the Wyoming case of *Anderson v. Duncan*, Wal-Mart argues that Allen failed to produce any evidence that the negligence of a Wal-Mart employee caused the merchandise to fall and strike her. *See* 968 P.2d 440, 443 (Wyo. 1998). The plaintiff in *Anderson* fell while walking down a sidewalk in

front of a home owned by the defendants. The plaintiff alleged that the defendants negligently "failed to keep the trees trimmed so that they did not block the light that might have illuminated the sidewalk and the stairs; failed to keep the lamp on the post operable; and failed to replace the handrail next to the stairs." *Id*. at 441. At trial, the plaintiff speculated that poor lighting or fallen crab apples from nearby trees may have caused her to fall but "testified that she did not know what caused her to fall." *Id*. at 442. The trial court concluded that the plaintiff had failed to show a causal connection between the defendants' allegedly negligent acts and the fall, and granted judgment as a matter of law in favor of the defendants. *See id*. at 443. This determination was based on the court's conclusion that the plaintiff had failed to produce *any* evidence, circumstantial or otherwise, that the defendants' negligent acts caused her to fall. *See id*. at 442-43. Because of the lack of evidence of a causal connection, the court stated that it would be "speculation . . . to say that she wouldn't have tripped if that light had been on, that she wouldn't have tripped if the handrail had been there." *Id*. at 443. The Wyoming Supreme Court upheld the grant of judgment as a matter of law, holding that "[l]iability for a negligence claim cannot be established by conjecture, speculation, or guess." *Id*.

In arguing that the facts of this case are identical to those in *Anderson*, Wal-Mart asserts that "[i]n the case at bar there is no circumstantial evidence of

cause." Allen, however, testified that she observed a Wal-Mart employee reaching for merchandise from the riser shortly before the boxes fell and injured her. Thus, in contrast to the plaintiff in *Anderson*, Allen produced some evidence that Wal-Mart's negligence caused her injuries. Although the Wal-Mart employee disputed Allen's account of the incident and testified that Allen herself was reaching for merchandise from the riser, this court may not "weigh the evidence, pass on the credibility of witnesses, or substitute our judgment for that of the jury." *Kinser v. Gehl Co.*, 184 F.3d 1259, 1267 (10th Cir. 1999) (quotation omitted). The weighing of evidence, the reconciliation of inconsistent testimony, and the assessment of a witness' credibility is solely within the province of the jury.

Viewing all the evidence in the light most favorable to Allen, this court concludes that a jury could reasonably infer from Allen's testimony that the negligence of the Wal-Mart employee caused the boxes of merchandise to fall on Allen, striking and injuring her. While Allen has produced only circumstantial evidence, it is nevertheless "evidence of probative force" and a reasonable jury could reasonably infer causation based on that evidence. *Hashimoto v. Marathon Pipe Line Co.*, 767 P.2d 158, 161 (Wyo. 1989); *see also Natural Gas Processing Co. v. Hull*, 886 P.2d 1181, 1186 (Wyo. 1994) (defining legal causation as "that conduct which is a substantial factor in bringing about the plaintiff's injuries").

We conclude that Allen produced sufficient evidence from which a reasonable jury could conclude that Wal-Mart's negligence caused the boxes of merchandise to fall from the riser and injure her. Consequently, the district court properly denied Wal-Mart's motion for judgment as a matter of law based on its assertion that the evidence was insufficient to establish causation.

### B. Wal-Mart's Entitlement to a New Trial

### 1. Loss of Enjoyment of Life Damages

In her complaint, Allen sought, *inter alia*, damages for loss of enjoyment of life. At the close of the evidence, the jury was instructed that Allen was claiming damages for pain and suffering, loss of enjoyment of life, and medical expenses. The jury returned a general verdict in the amount of $40,000. Wal-Mart concedes, as it must, that Allen presented evidence that she incurred medical expenses of $21,236.66. Wal-Mart also concedes that Allen produced evidence regarding the pain and suffering she has experienced and will probably experience in the future.

Wal-Mart contends, however, that Allen failed to produce sufficient evidence to support her claim for loss of enjoyment of life damages and, therefore, the jury instruction on loss of enjoyment of life damages was improper. Wal-Mart requests this court to set aside the jury's award of $40,000 and remand for a new trial on the issue of damages. Wal-Mart argues that a new trial on the

question of damages must be granted because it is impossible to ascertain from the general verdict whether the jury based its $40,000 verdict on the allegedly improper jury instruction.

This court has previously stated that,

> [i]n a diversity case, the substance of the jury instructions is determined by state law, while the grant or denial of tendered instructions is governed by federal law. A party is entitled to an instruction on their theory of the case so long as the instruction is supported by competent evidence on the issue or theory supporting the instruction.

*Perlmutter v. United States Gypsum Co.*, 4 F.3d 864, 871 (10th Cir. 1993) (citation omitted). This court, thus, must first determine the basic elements of a claim for loss of enjoyment of life damages under Wyoming law and then determine whether the evidence presented in this case supported the granting of an instruction on such damages.

The Wyoming Supreme Court has recognized that loss of enjoyment of life is a compensable damage and can be taken into consideration by a jury when arriving at the total general damages. *See Mariner v. Marsden*, 610 P.2d 6, 12 (Wyo. 1980). A plaintiff can support her claim for loss of enjoyment of life damages by presenting evidence that she refrains from participating in activities she previously enjoyed in order to avoid or minimize pain. *See id*. at 15.

At trial, Allen testified as follows:

Q:    Do you have any fears about your neck?

A:     Yes.
Q:     What kind of fears to you have?
A:     Well, I stopped – well, I didn't just stop.  I don't ride horses or
       do a lot of that stuff anymore.
Q:     Why?
A:     Because I'm afraid if I get bucked off of getting hurt.

Wal-Mart argues that this testimony is insufficient to support any damages for loss of enjoyment of life because on cross-examination Allen testified that she had stopped riding horses before the accident.  Wal-Mart reads too much into Allen's testimony.  Allen testified that she refrains from horseback riding because she is afraid of injury; Allen did *not* testify that at the time she stopped horseback riding she never intended to start again.  The jury was certainly allowed to infer from Allen's testimony that any plans she may have had to engage in horseback riding in the future are now foreclosed because of the accident.  The only thing clear from Allen's testimony is that as a result of the injury she sustained at the Wal-Mart store, she is fearful of engaging in an activity she once enjoyed.  We conclude that the evidence supported an award of damages for loss of enjoyment of life under Wyoming law and, thus, the jury was properly instructed on the issue.

2.     *The Res Ipsa Loquitur Instruction*

Wal-Mart also argues that it is entitled to a new trial because, under Wyoming law, the jury should not have been instructed on the doctrine of *res ipsa loquitur*.  This court reviews *de novo* the legal question of whether the jury was

-10-

properly instructed on the governing law. *See Thompson v. United States*, 223 F.3d 1206, 1210 (10th Cir. 2000). If this court concludes that the district court erroneously instructed the jury on an improper theory and we are unable to determine with "absolute certainty" whether the jury relied on the erroneous instruction, a general verdict must be reversed. *Farrell v. Klein Tools, Inc.*, 866 F.2d 1294, 1301 (10th Cir. 1989).

The *res ipsa loquitur* instruction given by the district court allowed the jury to infer Wal-Mart's negligence.[1] Wal-Mart, however, contends that Wyoming law precludes the giving of a *res ipsa loquitur* instruction when a party attempts to prove specific acts of negligence. *See Dellapenta v. Dellapenta*, 838 P.2d 1153, 1164-65 (Wyo. 1992). Wal-Mart argues that under Wyoming law, the doctrine of *res ipsa loquitur* does not apply to the facts of this case because Allen proceeded on a negligence theory. We agree.[2]

Under Wyoming law, the "doctrine of res ipsa loquitur is limited to those situations where the thing which causes damage or injury, without the fault of the

---

[1]We assume, without deciding, that the *res ipsa loquitur* instruction properly set forth the applicable law.

[2]Because we remand for a new trial on this basis, it is unnecessary for us to address Wal-Mart's alternative argument, premised on this court's interpretation of Oklahoma law, that the instruction should not have been given because Wal-Mart was not in exclusive control of the merchandise that fell on Allen. *See Monahan v. Wal-Mart Stores, Inc.*, No. 97-6139, 1998 WL 60412, at *1 (10th Cir. Feb. 13, 1998) (unpublished disposition); *Farris v. Wal-Mart Stores, Inc.*, No. 96-5162, 1997 WL 61519, at *2 (10th Cir. Feb. 14, 1997) (unpublished disposition).

plaintiff, is shown to be under the exclusive control of the defendant, and the injury is such as, in the ordinary course of things, does not occur if one having such control uses proper care." *Wood v. Geis Trucking Co.*, 639 P.2d 903, 906 (Wyo. 1982). In *Dellapenta*, the Wyoming Supreme Court held that the doctrine is inapplicable when a plaintiff presents "specific evidence of presumably negligent acts" and the defendant presents an equally-plausible, alternative explanation for the accident that is supported by some evidence. 838 P.2d at 1165. The court recently applied the *Dellapenta* holding in *Reese v. Board of Directors of Memorial Hospital*, 955 P.2d 425, 427 (Wyo. 1998), stating: "the doctrine cannot be applied when an inference that the injury was due to a cause other than the defendant's negligence could be drawn as reasonably as one that it was due to his negligence." Under such circumstances, the thing does not "speak for itself" and the *res ipsa loquitur* doctrine is inapplicable. *See id.*

The record, including the trial transcript and Allen's closing argument, clearly indicates that Allen attempted to prove specific acts of Wal-Mart's negligence. Allen testified that she observed a Wal-Mart employee standing on a bottom shelf and reaching for merchandise. A reasonable inference could be drawn from this evidence that the accident occurred as a result of Wal-Mart's negligence. Additionally, during closing arguments Allen's counsel stated, "I'm going to tell you that I think the most important document that you may see in the

jury room will be . . . the report of the customer incident that was taken within 24 hours, . . . and I think that explains the incident, or nearly explains the incident." The document to which Allen's counsel referred during closing arguments contained, *inter alia*, the following account of the accident given by Allen: "a female associate stood on shelf to get item from riser and [ ] 20-30 'pink boxes' fell and hit [Allen] on the head and shoulders."

At trial, the Wal-Mart employee testified that she did not stand on the shelf. Instead, the employee testified that she observed Allen attempting to retrieve merchandise from the top shelf. This testimony is evidence from which a equally-reasonable inference could be drawn that the accident was due to a cause other than Wal-Mart's negligence. Wyoming law clearly provides that a *res ipsa loquitur* instruction is inappropriate under these circumstances. *See Reese*, 955 P.2d at 427; *Dellapenta*, 838 P.2d at 1164-65. The district court, therefore, erroneously instructed the jury on an improper theory. Based on the record before us, this court is unable to determine with "absolute certainty" whether the jury relied on the erroneous instruction when it returned its general verdict. Consequently, this court must reverse and remand for a new trial. *See Farrell*, 866 F.2d at 1301.

## III.   CONCLUSION

This court concludes that Wal-Mart was not entitled to judgment as a matter of law and that the district court properly instructed the jury on loss of enjoyment of life damages. We hold, however, that the district court improperly instructed the jury on the doctrine of *res ipsa loquitur*. We, therefore, **vacate** the judgment entered on the jury's verdict and **remand** for a new trial consistent with this opinion.