FILED
United States Court of Appeals
Tenth Circuit

November 5, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SAMUEL EUGENE RHOADS,

      Plaintiff-Appellee,

v.

MATTHEW MILLER, individually,

      Defendant-Appellant,

   and

BEN MAYLAND, individually and
in his official capacity; DAVID
MATTIS, in his official capacity;
BIG HORN COUNTY SHERIFF'S
OFFICE; KENNETH BLACKBURN,
in his official capacity,

      Defendants.

No. 08-8093
(D.C. No. 1:07-CV-00306-WFD)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**TYMKOVICH**, Circuit Judge.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Matthew Miller appeals from the district court's order denying him qualified immunity against Samuel Rhoads' 42 U.S.C. § 1983 claim that Deputy Miller subjected him to excessive force while booking him into the Big Horn County Jail. We affirm.

## *Background*

On December 1, 2005, Deputy Ben Mayland responded to a complaint that a drunken man in a wheelchair – Mr. Rhoads – was threatening bar patrons. Deputy Mayland arrested Mr. Rhoads and delivered him to the jail for booking.

Mr. Rhoads, then sixty-six years old, admits to being an alcoholic. At deposition, he testified that he was drinking that day and his memory of events is not very good. According to his recollection, he was arrested by two officers at the bar and taken to the jail. Upon arrival, he was wheeled into the garage, and then he was beaten by one of the arresting officers, whose identity he was not sure of. The officer grabbed his arm, pulled him out of his wheelchair, and tipped him over, then kicked him in the ribs and stomped on his hands. He claims he never got as far as the booking area, but instead was taken to the hospital after the beating.

Deputy Miller tells a different version of the facts. His deposition testimony was that Mr. Rhoads was drunk and verbally abusive. After trying to fill out the booking forms, eventually the deputy moved Mr. Rhoads into a room

adjacent to the booking area so that Mr. Rhoads could change into a jail uniform. Mr. Rhoads did not quickly remove his street clothes, and he continued to use foul language. After removing his street pants, he began swinging the jail pants in the air. He brushed Deputy Miller with the pants and threw them on the ground. He then began swinging his arms, lightly brushing the deputy's chest. Deputy Miller used an arm-bar takedown on Mr. Rhoads, removing him from his wheelchair to the ground. As a result, Mr. Rhoads suffered a bleeding cut above his eye and a dislocated left elbow which ultimately required surgery to repair.

Mr. Rhoads sued Deputy Miller and others under § 1983, alleging that he was subjected to an excessive use of force. Skeptical of Mr. Rhoads' testimony about being beaten, the district court relied on the deputy's testimony. Nevertheless, the court concluded that, even under Deputy Miller's version of the facts, Mr. Rhoads identified a constitutional right that was clearly established at the time of the incident. Accordingly, the court denied the deputy's motion for summary judgment based on qualified immunity. Deputy Miller appeals.

### *Jurisdiction*

We first must satisfy ourselves that we have jurisdiction to hear this appeal. *See Johnson v. Martin*, 195 F.3d 1208, 1213 (10th Cir. 1999). Mr. Rhoads suggests that we lack jurisdiction because there are genuine issues of material fact precluding summary judgment. *See Johnson v. Jones*, 515 U.S. 304, 313 (1995) (holding unappealable a summary judgment order that "determines only a

question of evidence sufficiency" (quotation omitted)). But the district court's ruling was not based on the parties' factual dispute; instead, it addressed legal issues. And this court has recognized that in the qualified immunity context, "even though a district court concludes that there are controverted factual issues, a summary judgment ruling may still be immediately appealable in certain circumstances," such as where "a qualified immunity appeal raises the kind of abstract legal issues that are separate from the factual issues that may arise at trial." *Johnson v. Martin*, 195 F.3d at 1214.

It is undisputed that Mr. Rhoads was injured at the jail on December 1, whether through the arm-bar maneuver as Deputy Miller claims or through a beating as Mr. Rhoads claims. While the existence of disputed facts is relevant to our decision, as discussed below, we conclude that this appeal primarily involves legal issues and we have jurisdiction to proceed.

*Analysis*

We review the denial of qualified immunity de novo. *See York v. City of Las Cruces*, 523 F.3d 1205, 1210 (10th Cir. 2008). "The doctrine of qualified immunity protects public officials performing discretionary functions unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Johnson v. Martin*, 195 F.3d at 1216 (quotations omitted). In reviewing a claim of qualified immunity, then, the court considers (1) whether the facts establish a violation of a constitutional right and

(2) whether the right was clearly established at the time of the incident. *See Pearson v. Callahan*, 129 S. Ct. 808, 815-16 (2009). But courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first." *Id.* at 818. Deputy Miller challenges the district court's decision regarding both of these elements.

In evaluating a motion for summary judgment based on qualified immunity, we take the facts "in the light most favorable to the party asserting the injury." *Scott v. Harris*, 550 U.S. 372, 377 (2007). "[T]his usually means adopting . . . the plaintiff's version of the facts," *id.* at 378, unless that version "is so utterly discredited by the record that no reasonable jury could have believed him," *id.* at 380. In *Scott*, the plaintiff's testimony was discredited by a videotape that completely contradicted his version of the events. 550 U.S. at 379. Here, there is no videotape or similar evidence in the record to blatantly contradict Mr. Rhoads' testimony.[1] There is only other witnesses' testimony to oppose his version of the facts, and our judicial system leaves credibility determinations to the jury. *See Allen v. Wal-Mart Stores, Inc.*, 241 F.3d 1293, 1297 (10th Cir. 2001) ("The weighing of evidence, the reconciliation of inconsistent testimony, and the assessment of a witness' credibility is solely within the province of the jury.");

---

[1]    Counsel informed the district court that the main booking area was under video surveillance. But the jail's practice is to reuse tapes, and the tape from the date of this incident was recorded over when the jail failed to take any measures to preserve it.

*Lamon v. City of Shawnee*, 972 F.2d 1145, 1159 (10th Cir. 1992) ("It is the jury's exclusive province to assess the credibility of witnesses and determine the weight to be given to their testimony."). And given the undisputed fact of injury, Mr. Rhoads' alcoholism and memory problems go to the weight of his testimony, not its admissibility.[2] *See Santos v. Gates*, 287 F.3d 846, 851 (9th Cir. 2002) (stating, in light of evidence that plaintiff was injured by officers, "[s]imply because [plaintiff] has no clear recollection of the act which he contends caused his severe injury does not mean that his claim must fail as a matter of law").

Mr. Rhoads alleges that his injuries resulted from a beating rendered without resistence or provocation. If believed by the jury, the events he describes are sufficient to support a claim of violation of clearly established law under *Graham v. Connor*, 490 U.S. 386, 395-96 (1989), and this court's precedent. *See, e.g., Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993) (holding that plaintiff's testimony that officers beat him with flashlights, kneed him in the groin, and shoved him face-first into a wall supported excessive force claim and showed a genuine issue of material fact precluding summary judgment on qualified immunity); *Frohmader v. Wayne*, 958 F.2d 1024, 1026 (10th Cir. 1992)

---

[2] We recognize that Mr. Rhoads also testified that Deputy Miller was not one of the persons who had beaten him, but Deputy Miller admits to performing the arm-bar maneuver on Mr. Rhoads (which maneuver is generally in accord with Mr. Rhoads' description of an officer grabbing his arm and pulling him out of his wheelchair). In light of Deputy Miller's admission and Mr. Rhoads' admitted memory problems, a reasonable jury could believe that Mr. Rhoads was subjected to a beating, as he testified, while discounting his description of his assailant(s).

(per curiam) (holding that assaultive behavior against an arrestee by an officer could not be determined to be objectively reasonable as a matter of law); *Austin v. Hamilton*, 945 F.2d 1155, 1157-58 (10th Cir. 1991) (holding that, under arrestees' version of the facts alleging repeated assaults without provocation, among other abuses, no reasonable officer could have believed such treatment to be constitutionally permissible); *Dixon v. Richer*, 922 F.2d 1456, 1463 (10th Cir. 1991) (holding that it was not objectively reasonable for an officer to choke and beat a detainee where the detainee was not threatening the officer); *see also York*, 523 F.3d at 1209, 1211 (10th Cir. 2008) (holding that jury could easily find constitutional violations where detainee's arm was broken when officers forced him to the ground with an arm-bar takedown, placed a knee in his back, and threatened to employ Taser). The jurors may decide not to credit Mr. Rhoads' testimony, but that is their prerogative, not ours. Therefore, the district court did not err in denying Deputy Miller's motion for summary judgment based on qualified immunity.

### *Conclusion*

The district court's denial of qualified immunity to Deputy Miller is AFFIRMED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge