# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60875
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 23, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CHRISTOPHER THOMPSON, JR.,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:12-CR-14-1

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:*

Christopher Thompson, Jr., challenges his conviction for involuntary manslaughter, under 18 U.S.C. §§ 1112 and 1153, and his sentence, *inter alia*, of 45 months' imprisonment. He contends: the evidence was insufficient to sustain his conviction; the district court erred in admitting certain evidence; and the court erred in refusing to award him an offense-level reduction for acceptance of responsibility, under Sentencing Guideline § 3E1.1(a).

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 13-60875

Thompson properly preserved his sufficiency of the evidence challenge "by moving for a judgment of acquittal at the close of the Government's case and at the close of all evidence". *United States v. Shum*, 496 F.3d 390, 391 (5th Cir. 2007). Accordingly, the sufficiency of the evidence is reviewed *de novo. Id.* Therefore, the record is reviewed "to determine whether, considering the evidence and all reasonable inferences in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt". *United States v. Vargas-Ocampo*, 747 F.3d 299, 303 (5th Cir. 2014) (citing *Jackson v. Virgina*, 443 U.S. 307, 319 (1979)).

An essential element of the offense is whether Thompson was driving the vehicle that struck and killed a minor. Considering the evidence in the requisite light most favorable to the Government, a rational trier of fact could have found beyond a reasonable doubt that Thompson was driving the vehicle. *E.g., id.*

Thompson admittedly drove the vehicle and was seen in the driver's seat shortly before the accident. And, he and one other person were found in the vehicle after the accident. In Thompson's presence, that person identified Thompson as the driver; Thompson did not dispute that statement. Moreover, he variously admitted he could have been the driver and was the driver. Thompson's and the other person's ability to remember what happened was an issue for the jury to resolve, and it was not irrational for it to credit the accounts of the statements that Thompson was the driver. *United States v. Simpson*, 741 F.3d 539, 550 (5th Cir.), *cert. denied*, 134 S. Ct. 2320 (2014).

The Government's expert concluded it was possible for Thompson to have been projected from the driver's seat into the backseat; the defense expert reached a contrary conclusion. These conflicting expert opinions were for the

jury to resolve, and it was not irrational for it to credit the Government's expert's opinion. *United States v. Dominguez*, 615 F.2d 1093, 1097 n.6 (5th Cir. 1980).

Evidentiary rulings are reviewed for abuse of discretion, subject to the harmless-error standard. *United States v. El-Mezain*, 664 F.3d 467, 494, 525–26 (5th Cir. 2011); *see* Fed. R. Evid. 103(a). Thompson claims inadmissibility on three bases: relevance, prejudice, and hearsay. Each claim fails.

The testimony and report by a responding paramedic, regarding whether Thompson was the driver of the vehicle, were relevant to the main issue at trial. Fed. R. Evid. 401 ("Evidence is relevant if: it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action."). Thompson's reliance on Federal Rule of Evidence 104(b), which pertains to conditional relevance, is misplaced; his and the passenger's memories of the accident go to the weight of their statements, not their admissibility. *See Simpson*, 741 F.3d at 550 (holding an "inability to remember the exact date and details of the meeting" is an issue of credibility for the jury to decide); *see also Rhoads v. Miller*, 352 F. App'x 289, 291 (10th Cir. 2009) (citing *Santos v. Gates*, 287 F.3d 846, 851 (9th Cir. 2002)) ("[A]lcoholism and memory problems go to the weight of . . . testimony, not its admissibility".); *United States v. Haili*, 443 F.2d 1295, 1299 (9th Cir. 1971) (holding a claim regarding defective memory resulting from drug use "is not one of admissibility but rather one of credibility").

Thompson makes only a conclusory assertion under Federal Rule of Evidence 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."); therefore, any error

under that Rule does not merit reversal. *E.g., United States v. Hitt*, 473 F.3d 146, 159 n.12 (5th Cir. 2006) (citing *United States v. Parziale*, 947 F.2d 123, 129 (5th Cir. 1991)). Any error under Federal Rule of Evidence 804(b)(3) in admitting Thompson's statement against interest was harmless in the light of other evidence that Thompson was driving the vehicle. *El-Mezain*, 664 F.3d at 526. The same conclusion applies to any error in admitting Detective Clay's testimony.

Regarding Thompson's challenge to his sentence, Guideline § 3E1.1(a) instructs a court to decrease a defendant's offense level by two levels "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense". A district court's refusal to grant an acceptance of responsibility reduction is reviewed with more deference than under the clearly-erroneous standard. *United States v. Solis*, 299 F.3d 420, 458 (5th Cir. 2002) (citing *United States v. Brenes*, 250 F.3d 290, 292 (5th Cir. 2001)). This case falls squarely within the advisory prohibition on awarding acceptance of responsibility because Thompson "put[] the government to its burden of proof at trial by denying the essential factual elements of guilt . . . ". U.S.S.G. § 3E1.1, cmt. 2 ("In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt . . . ".).

*United States v. Kathman*, 490 F.3d 520 (6th Cir. 2007), on which Thompson relies, is non-precedential and distinguishable. Even if Thompson's decision to go to trial constitutes the "rare situation" in which a reduction for acceptance of responsibility would be appropriate, the district court's conclusion that his pretrial conduct did not evince an intent to accept responsibility for his actions was not clearly erroneous.

4

Finally, Thompson's sufficiency-of-the-evidence claim "undermines his claimed acceptance of responsibility". *E.g., United States v. Sam*, 467 F.3d 857, 863 (5th Cir. 2006). Accordingly, the district court's refusal to grant the offense-level reduction was not "without foundation". *Solis*, 299 F.3d at 458 (citation and internal quotation marks omitted).

AFFIRMED.